IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VICTOR BOURNE,

    Plaintiff/Petitioner,

vs.

Case: 1:19-cv-01211
Assigned To : Jackson, Ketanji Brown
Assign. Date : 4/25/2019
Description: FOIA/Privacy Act (I-DECK)

DEPARTMENT OF JUSTICE,

EXECUTIVE OFFICE OF THE
  UNITED STATES ATTORNEYS, and

UNITED STATES ATTORNEY'S OFFICE,

    Defendants/Respondents.

_____/

## MOTION TO ENFORCE THE FOIA REQESTS

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Victor Bourne, Plaintiff/Petitioner, pro se[1], and respectfully moves this Honorable Court to Compel the appropriate agencies to act accordingly within the paramaters set forth in the Freedom of Information Act guidelines and release the requested information. In support of plaintiff's request, he asserts the following:

° § °

---

[1] See **Haines v. Kerner**, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652(1972)(noting that courts should read pro se pleadings less strictly than pleadings drafted by lawyers); also see **Erickson v. Pardus**, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081(2007)(noting that pro se documents are to be liberally construed).

## STATEMENT OF FACTS

1) On June 1, 2018, the plaintiff made a Freedom of Information Act ("FOIA") request to the U.S. Department of Justice ("DOJ"), Executive Office for the United States Attorneys ("EOUSA"), of records specifically from the Eastern District of New York. See Ex. "A" FOIA Request June 1, 2018.

2) The June 1, 2018 request was for records of the following:

    a) any and all recordings and or attempted recordsing of me (Victor Bourne)(not limited to persons wearing body wire) or Court authorized wire surveillance;

    b) please provide any and all information in which Victor Bourne was identified by self identification, nickname, telephone subscriber information or any call data relied on for each BOURNE call that identifies him as a participant in the Court authorized wire surveillance over Oneil Roberts cellular elephone #347-210-4894 and Clive Beckford cellular telephone #917-868-3465.

3) On June 28, 2018, the plaintiff received a 'letter of acknowledgement' from the U.S. DOJ EOUSA, see **Ex. "B" June 28 Response**, giving notification that noted request had been assigned a tracking number of EOUSA-2018-004322; plaintiff was also notified that his request had been assigned to the complex track.

4) Approximately a month later, the plaintiff made a FOIA request to the U.S. DOJ U.S. Marshals service

5) The request of the U.S. Marshals Service was for records specifically of a movement history of the plaintiff (times that plaintiff was moved back and forth from MDC Brooklyn NY to the Court House at Cadman Plaza, from the dates of June 18, 2009 until the present).

6) On August 16, 2018, the plaintiff received a letter from

the U.S. DOJ EOUSA stating that they had received my FOIA, that was assigned a tracking number of EOUSA-2018-004819, yet that the information requested is not maintained "by the EOUSA or by the individual United States Attorney's Offices", but rather that it is maintained by the U.S. Marshals Service; with that noted, my request was then forwarded to the appropriate department. See **Ex. "C" August 16, 2018 Response.**

7) On August 29, 2018, I was then sent a letter requesting that I fill out and return a Certification of Identity Form--in relation to the FOIA request to the U.S. Marshals Service, **Supra.**, a separate tracking number was assigned tot he request as such: 2018USMS33044; the Certification of Identity form was returned to the appropriate department on September 4, 2018. See Ex "G" Letter

8) As concerns plaintiff's due diligence in keeping track of all out-going mail, he would offer the following:

    a) **Ex. "D" Cert. Mail Receipt No. 7017 3380 0000 7343 5900,** dated July 11, 2018; PS From 3811 dated July 16, 2018 (in relation to plaintiff's June 1, 2018 FOIA request);

    b) **Ex. "E" Cert. Mail Receipt No. 7017 3380 0000 7343 5849,** dated September 4, 2018; PS Form 3811 dated September 7, 2018 (Certification of Identity form returned for U.S. Marshal FOIA request);

    c) **Ex. "F" Cert. Mail Receipt No. 7017 2620 0001 0141 7593,** dated December 4, 2018; PS Form 3811 dated December 10, 2018 (Request update and another Certification of Identity Form submitted).

9) As of the present, plaintiff has received no further communication concerning his FOIA requested documents.

° § °

## EXHAUSTION OF REMEDIES

Plaintiff asserts that pursuant to his FOIA requests, he has exhausted his remedies; for certain, "[a] FOIA requester is generally required to exhaust administrative appeal remedies before seeking judicial redress." See <u>Citizens for Responsibility and Ethics in Washington vs. Federal Election Commission</u>, 711 F.3d 180, 184 (U.S.C.A. for Dist. Columbia April 2, 2013)(citing <u>Hidalgo v. FBI</u>, 344 F.3d 1256, 1258-59, 358 U.S. App. D.C. 104(D.C. Cir. 2003); also see <u>Oglesby v. Department of the Army</u>, 920 F.2d 57, 61-62, 287 U.S. App. D.C. 126(D.C. Cir. 1990). However, "if an agency fails to make and communicate its 'determination' whether to comply with a FOIA request within certain statutory timliness, the requester 'shall be deemed to have exhausted his administrative remedies.'" 5 U.S.C. §552(a)(6)(C)(i). It is with all such noted that as already stated, the plaintiff has exhausted his remedies, if indirectly because of the failure to respond or comply with his FOIA requests, and now finds himself litigating in this honorable court.

° § °

## ARGUMENT

Plaintiff asserts that he has set forth a prima facie case for a violation of FOIA against the noted respondents. Plaintiff has provided copies of his FOIA request, certified mail receipts relating to those requests, and subsequent responses. The noted agencies then, having surpassed the alloted time to respond, have failed to provide any of the requested records.

Plaintiff has further claimed constructive exhaustion regarding his claimes against the respondents; he has alleged sufficient

facts demonstrating such. Se 5 U.S.C. §552(a)(6)(C). The Court should note that the facts alleged in the complaint and those further evident from the documents that Plaintiff attached as exhibits indicate that Plaintiff did not receive any responses to his FOIA request within the time period set forth in the statute. Such constructive exhaustion, per the provision of 5 U.S.C. §552(a)(6)(C), allows immediate recourse to the courts to compel the agencies to respond to his FOIA requests. Because the plaintiff's allegations show that the agencies never acted on his FOIA requests, the Plaintiff asserts that he has stated a viable claim under the FOIA against the Respondents.

Furthermore, plaintiff is forwarding the $400 filing fee for processing the noted claims, and humbly request of this Honorable Court to award such a filing fee in the event that the Court rules in the Plaintiff's favor.

○ § ○

## CONCLUSION

Plaintiff humbly requests this Court to Compel the Defendants/Respondents to release the requested information pursuant to the FOIA. Plaintiff asserts that such information is vital and necessary in showing that his has been unjustly incarcerated, and therefore should be released. Plaintiff prays for DIVINE ORDER in this matter and that it be expidited with due diligence.

Submitted on this __3__ day of __January__, 2019.

*Victor Bourne*
Victor Bourne

### DECLARATION

Plaintiff, Victor Bourne, declares under penalty of perjury that all the aforementioned is true and correct to the best of his knowledge and as such should be carry the weight of an affidavit in that the plaintiff declares such a verified complaint; all pursuant to §1746.

Executed On: __Jan 3 2019__                                       *Victor Bourne*

- 5 -