UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VICTOR BOURNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, *et al* )<br>)<br>Defendants. )<br>) | Civil Action No. 19-1211 (KBJ) |

## ANSWER

The Executive Office of the United States Attorney ("EOUSA") and the United States Marshal Service ("US Marshal Service") (collectively "Defendants"), by and through the undersigned counsel, respectfully submit this Answer to the complaint filed by Victor Bourne ("Plaintiff") under the Freedom of Information Act, 5 U.S.C. 552 § 552 *et seq*. ("FOIA"). In response to the numbered paragraphs of Plaintiff's Complaint, Defendant states as follows:

## INTRODUCTION

This paragraph contains Plaintiff's characterization of this action, to which no response is required. To the extent that a response is required, Defendants deny.

## STATEMENT OF FACTS

1. EOUSA admits that Plaintiff submitted a FOIA request. However the FOIA request was dated May 31, 2018 and received by the FOIA/PA Unit for processing via U.S. Mail on June 11, 2018.

2. EOUSA admits the request received June 11, 2018 requested the items listed by Plaintiff as the June 1 request.

3. EOUSA admits assigning the aforementioned request tracking number EOUSA-2018-

004322, and mailed Plaintiff an acknowledgment letter.

    4. Admit that Defendant US Marshal Service received a FOIA request from Plaintiff.

    5. This paragraph represents Plaintiff's characterization of his request to which no response is required.  Defendant Marshal Service believes that Plaintiff's actual request is the best evidence of the nature of his request.

    6. EOUSA received an additional from Plaintiff that was for records pertaining to USMS transport. That request was assigned tracking number EOUSA-2018-004819. Per DOJ Regulations, the request was forwarded to the US Marshall Service for processing and notified Plaintiff of our action.

    7. Defendant US Marshall Service lacks sufficient knowledge to response to this paragraph.

    8. Defendant US Marshall Service lacks sufficient knowledge to response to this paragraph.

## PARTIES

    9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.  Defendant US Marshal Service responded to Plaintiff's FOIA request on or about April 25, 2019, with responsive records with redactions under FOIA Exemptions 6 and 7(C).

    10. Admit.

## JURISDICTION AND VENUE

    11. Admit.

    12. Admit only that the Defendant EOUSA received a request from Plaintiff.  The request speaks for itself, and Defendant EOUSA respectfully refers the Court to it for a full and complete record of its contents.

    13. Admit.

14. Admit, except to deny the date listed in the second sentence of this paragraph. Defendant EOUSA further avers that the FOIA request at issue was submitted in 2017 not 2013.

## FACTUAL AND LEGAL BACKGROUND

15. Defendant admits Plaintiff's FOIA request was dated November 19, 2018. However, EOUSA did not receive the request until December 6, 2018.

16. Defendant EOUSA denies acknowledging Plaintiff's December 2018 request in March 2019.  Defendant EOUSA acknowledged Plaintiff's December 2018 request by letter dated December 18, 2018. Plaintiff has a subsequent request to EOUSA dated January 3, 2019, received January 30, 2019. That subsequent request was acknowledged on or about March 1, 2019.

17. Defendant EOUSA admits this paragraph. Because of the lapse in appropriations, EOUSA had an influx of mail to process after appropriations were granted. Thus, it took longer than normal to provide acknowledgement responses to all new requests.

18. Defendant EOUSA acknowledges the December 2018 request was given the tracking number EOUSA-2019-001086. However, that request was denied for not having a certificate of ID or penalty of perjury statement, to ensure Plaintiff was not a third party. The updated request from Plaintiff with the certification of ID was provided tracking number EOUSA-2019-001637.

19. Defendant admits that EOUSA cited unusual circumstances and extended the deadline an additional 10 days for EOUSA-2019-001637.

20. Defendant EOUSA admits the acknowledgement letter also provided an opportunity for Plaintiff to modify or narrow his request.

21. Defendant EOUSA admits Plaintiff modified his request to include the entire case file on a request dated March 28, 2019, and received from EOUSA on April 9, 2019.

22. Defendant admits Plaintiff submitted a letter dated June 25, 2019 to EOUSA. The Letter was not received to EOUSA until July 9, 2019. While Defendant acknowledged the lapse of time, EOUSA tries to operate on a "first in first out" basis to be fair to all requesters. There were at least 1,000 requesters before Plaintiff in the que to be processed. The search for records had been sent and received from the Eastern District of North Carolina. But given the resources at EOUSA, the processing was still in backlog because of the number of requests before Plaintiff's request.

23. Defendant admits that Plaintiff has not received a response to his updated FOIA request of January 30, 2019, due to the backlog of requests.

24. Defendant admits the first sentence of this paragraph. The second and third sentence of this paragraph contains Plaintiff's conclusions of law, to which no response is required; to the extent a response is required, Defendant denies.

## PRAYER FOR RELIEF

The remaining paragraphs of the Complaint consist of Plaintiff's requests for relief, to which no response is required. Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants reserve its right to amend, alter and supplement the affirmative defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records exempt from disclosure by

one or more exemptions of the FOIA, 5 U.S.C. § 552.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief under FOIA, 5 U.S.C. § 552.

Wherefore, Defendant prays that this Court dismiss the Complaint with prejudice, at Plaintiff's cost, and that the Court grant such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>MICHAEL R. SHERWIN
>Acting United States Attorney
>
>DANIEL F. VAN HORN, D.C. Bar #924092
>Civil Chief
>
>By: /s/_____
>KENNETH ADEBONOJO
>Assistant United States Attorney
>555 Fourth St., N.W.
>Washington, D.C. 20530
>(202) 252-2562

## **CERTIFICATE OF SERVICE**

The undersigned hereby certify that a copy of Defendants' Answer to Plaintiff's Complaint has been mailed to him at:

Victor Bourne
Reg. No. 77410-053
USP Jonesville
P.O. Box 305
Jonesville, Va
24263